**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANCE C. WELLS,

Plaintiff - Appellant,

v.

MAPLEBEAR INC., doing business as
Instacart,

Defendant - Appellee.

No. 24-1045

D.C. No.
3:23-cv-06263-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Lance C. Wells appeals pro se the district court's dismissal of his complaint

under 42 U.S.C. § 1983 against Maplebear Inc., doing business as Instacart.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rule 12(b)(1). *Banks v. N. Tr. Corp.,* 929 F.3d 1046, 1049 (9th Cir. 2019). We affirm. Because the parties are familiar with the facts, we need not recount them here.

Claim preclusion bars parties from pursuing repetitive, successive legal claims where there exists "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg. Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). An "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts'" even if the latter action uses "different legal label[s]." *Id.* at 1078–79 (citation omitted). Courts can also consider "whether the two suits involve infringement of the same right." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017) (citation omitted).

Here, Wells brings claims based on the same nucleus of facts as in his case *Wells v. Maplebear Inc.*, No. 23-CV-00001-TUC-RM (BGM) (D. Ariz. Sept. 21, 2023): limits to his speech based on the non-disparagement provision in a settlement agreement with Instacart. While Wells expands his state actor theory arguments, this theory was previously raised and considered by the Arizona district court, and res judicata bars "relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action." *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1078 (citing *United States ex rel. Barajas v. Northrop*

*Corp.,* 147 F.3d 905, 909 (9th Cir. 1998)). There was a final judgment on the merits in the Arizona case, which was dismissed. Finally, there is privity as the Arizona case involved the same two parties as here.

**AFFIRMED.**